IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUANARD D. ROBINSON,

        Plaintiff,                      No. CIV-S-04-2082 GEB KJM P

        vs.

M. CRY, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief under 42 U.S.C. § 1983 and has requested authority under 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $150.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

1

plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that defendant refused to process his complaint about a correctional officer.  A grievance procedure "is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment."  Buckley v.

1 Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Azeez v. DeRobertis, 568 F. Supp. 8 (N.D.
2 Ill. 1982). Accordingly, because there is no constitutional right to a grievance process, any
3 deficiencies in the response to plaintiff's grievance or complaint do not state a claim cognizable
4 in a civil rights act. See Mann v. Adams, 855 F.2d 639 (9th Cir. 1988).

5     Because the pleading cannot be cured by allegations of other facts, the
6 undersigned recommends that it be dismissed without leave to amend. See Ramirez v. Galaza,
7 334 F.3d 850, 861 (9th Cir. 2003), cert. denied sub nom. McEnroe v. Ramirez, ___ U.S. ___, 124
8 S. Ct. 2388 (2004).

9     IT IS HEREBY RECOMMENDED that this action be dismissed without
10 prejudice.

11     These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
13 days after being served with these findings and recommendations, plaintiff may file written
14 objections with the court. The document should be captioned "Objections to Magistrate Judge's
15 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
16 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
17 F.2d 1153 (9th Cir. 1991).
18 DATED: May 4, 2005.

19
20                             UNITED STATES MAGISTRATE JUDGE
21
22
23
   2
24 robi2082.56
25
26